### MONTGOMERY v STATE

Ohio Appeals, 4th Dist, Scioto Co

Decided April 17, 1929

Ernest G Littleton for Montgomery.

Dustin W Gustin, Pros Atty, Portsmouth, for State.

**310**

MAUCK, J.

**Section 12858 GC,** under which this prosecution was had, makes it unlawful for one to knowingly and wilfully resist, obstruct or abuse an officer in the execution of his official duties.While the offense is generally described as resisting an officer it is apparent that our statute includes acts that do not constitute resistance. Resistance is a narrower term than either obstruct or abuse and proof of the charge of resisting an officer seems to require proof that the accused exercised some active and direct force toward the officer. 8 R. C. L. 327.

The Supreme Court of this state, in line with the authorities referred to, recognized this distinction between resistance and obstruction in **Campf v. State, 80 O. S. 321.**

It is accordingly clear enough that one may be guilty of obstructing an officer within the terms of **Section 12858 GC.** if he knowingly and wilfully impedes the officer in the execution of the latter's official duties whether he employs any direct force on such officer or not. Upon the law of this case, as thus defined, the members of this court are in agreement.

We are not in entire harmony, however, as to whether the proven facts made a case for the state.

There being no different views in this court upon any question of law and it requiring three judges to concur in reversing a judgment upon the weight of the evidence, and there not being three judges of the view that the judgment should be reversed upon that ground, it follows that the judgment is affirmed.

Houck, J, concurs. Lemert, J, dissents on weight of evidence.